IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| HEATHER MAY, | ) | |
| | ) | CASE NO. BK05-80612 |
| Debtor(s). | ) | A05-8038 |
| HEATHER MAY, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS FARGO; ACS; THE EDUCATION | ) | |
| RESOURCES INSTITUTE (TERI); TEXAS | ) | |
| HIGHER EDUCATION COORDINATING | ) | |
| BOARD; TEXAS GUARANTEED | ) | |
| STUDENT LOAN CORPORATION; HELP | ) | |
| SERVICE GROUP, INC.; UNITED STATES | ) | |
| DEPARTMENT OF EDUCATION; SALLIE | ) | |
| MAE SERVICING CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on the motion for summary judgment by The Education Resources Institute ("TERI") (Fil. #17). Richard Register represents the debtor, and Brandon Tomjack and T. Randall Wright represent The Education Resources Institute. The motion was taken under advisement as submitted without oral arguments.

The debtor filed this adversary proceeding to discharge her student loans because repayment would cause her an undue hardship.[1] One of the loan guarantors filed this motion for summary judgment, arguing that the debts should not be discharged under 11 U.S.C. § 523(a)(8). Ms. May attended Southern Methodist University in Dallas, Texas, earning a bachelor's degree in business administration in 1993, a master's degree in business administration in 1995, and a juris doctorate in 2001. The balance of her student loan debt, according to the parties' pretrial statement (Fil. #34), is approximately $240,000. The amount owed to the moving party is approximately $12,500, plus accruing interest.

A debtor seeking discharge of an educational loan debt bears the burden of proving, by a preponderance of the evidence, that repayment of those loans would impose an undue hardship on

---

[1]This case actually represents the consolidation of three adversary proceedings filed by the debtor claiming undue hardship in the repayment of student loans.

her and her dependents. Parker v. Gen. Revenue Corp. (In re Parker), 328 B.R. 548, 552 (B.A.P. 8th Cir. 2005).

"Undue hardship" is not defined in the Bankruptcy Code, so courts have devised their own methods of determining whether an undue hardship exists. In the Eighth Circuit, the "totality of the circumstances" test is used. Long v. Educational Credit Mgmt. Corp. (In re Long), 322 F.3d 549, 553 (8th Cir. 2003) (citing Andrews v. South Dakota Student Loan Assistance Corp. (In re Andrews), 661 F.2d 702 (8th Cir. 1981)). Andrews requires a totality-of-the-circumstances evaluation of the debtor's past, present, and reasonably reliable future financial resources; a calculation of the reasonable necessary living expenses of the debtor and her dependents; and any other circumstances unique to the particular bankruptcy case. Long, 322 F.3d at 554 (citing Andrews, 661 F.2d at 704 and Andresen v. Nebraska Student Loan Program, Inc. (In re Andresen), 232 B.R. 127, 140 (B.A.P. 8th Cir. 1999)).

As the Eighth Circuit expressed in Long,

> Simply put, if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt — while still allowing for a minimal standard of living — then the debt should not be discharged. Certainly, this determination will require a special consideration of the debtor's present employment and financial situation — including assets, expenses, and earnings — along with the prospect of future changes — positive or adverse — in the debtor's financial position.

322 F.3d at 554-55 (citing Andresen, 232 B.R. at 141); Reynolds v. Penn. Higher Educ. Assistance Agency (In re Reynolds), 425 F.3d 526, 532 (8th Cir. 2005).

Courts have fashioned some helpful guidelines when applying the totality-of-the-circumstances test:

> The "totality of the circumstances" is obviously a very broad test, giving courts considerable flexibility. As a result, courts in the Eighth Circuit have looked to a number of facts and circumstances to assisting them in making this determination including: (1) total present and future incapacity to pay debts for reasons not within the control of the debtor; (2) whether the debtor has made a good faith effort to negotiate a deferment or forbearance of payment; (3) whether the hardship will be long-term; (4) whether the debtor has made payments on the student loan; (5) whether there is permanent or long-term disability of the debtor; (6) the ability of the debtor to obtain gainful employment in the area of the study; (7) whether the debtor has made a good faith effort to maximize income and minimize expenses; (8) whether the dominant purpose of the bankruptcy petition was to discharge the student loan; and (9) the ratio of student loan debt to total indebtedness.

Bender v. Van Ru Credit Corp. (In re Bender), 338 B.R. 62, 68 (Bankr. W.D. Mo. 2006).

Ms. May works full-time as an associate at an Omaha law firm where she receives an annual

salary of $36,000, and she teaches at a local community college for a pre-tax salary of approximately $2,500 per term, depending on how many credit hours she teaches. She is also studying chemistry at the community college, planning to transfer to a local university to obtain a degree in chemistry, with the goal of taking and passing the patent bar exam. She indicates that she needs to continue teaching in order to supplement her income to meet monthly expenses, but it interferes with her legal career and has caused some friction at her law firm. She has unsuccessfully attempted to find other employment in the legal field.

Ms. May is not married and has no dependents. Discovery responses indicate that, as of August 2005, Ms. May's monthly income averaged approximately $1,973.48, while her monthly expenses averaged approximately $2,689.33. She rents an apartment and lives there alone. Her parents pay for her health insurance. She makes monthly car lease payments to her parents. However, due to changes in her parents' lives, these subsidies may not continue. A significant portion of her monthly expenses are for prescriptions to treat her asthma, sinusitis, and polycystic ovarian disease. These conditions do not affect her ability to work in her chosen field.

She indicates that, prior to bankruptcy, she applied to the William D. Ford Loan Consolidation Program, but was told that certain loans did not qualify for consolidation. She says she is unable to afford the repayment amount calculated for the eligible loans.

Summary judgment will be denied. The matter of whether student loans should be discharged is a fact-intensive inquiry. The debtor bears the burden of proving that, despite efforts to maximize her income and minimize her expenses, her reasonable future financial resources will likely be insufficient to permit repayment of the student loan debt. The matter will be scheduled for trial in due course.

IT IS ORDERED: The motion for summary judgment by The Education Resources Institute ("TERI") (Fil. #17) is denied.

DATED:    July 25, 2006

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Richard Register    James Burshtyn
    *Brandon Tomjack    Kay D. Brock
    T. Randall Wright    Christopher Curzon
    Gary Young    Laurie Barrett
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.